IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GWENDOLYN GABRIEL, ET. AL, | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-60-E-BK |
| | § | |
| MERRY OUTLAW, ET. AL, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), this case was referred to the United States magistrate judge for pretrial management. Doc. 1. The Court now considers Defendant John Nation's *Motion to Dismiss for Failure to State a Claim*, Doc. 8. Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiffs filed this *pro se* suit against various individuals who were involved in a state lawsuit that resulted in a substantial financial loss for Plaintiffs, including the opposing party, multiple counsel on both sides, and the presiding judge. Doc. 3 at 2-3. Plaintiffs allege Defendants engaged in a RICO enterprise and conspiracy that included the commission of, *inter alia*, perjury, obstruction of justice, bribery, mail fraud, witness tampering, and jury tampering, all of which occurred during the state lawsuit and contributed to Plaintiffs' loss. Doc. 3 at 3, 17. Plaintiffs also claim the intentional infliction of emotional distress (IIED) based on the same acts. Doc. 3 at 15.

Defendant John Nation, Plaintiffs' appellate attorney in the state lawsuit, Doc. 3 at 11, filed the instant motion to dismiss, Doc. 8.[1] Plaintiffs have filed a response in opposition. Doc. 12.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

## III. ANALYSIS

**A. RICO Claim**

Plaintiffs claim Defendants are part of a RICO enterprise organized against them for the sole purpose of throwing the state lawsuit to the opposing party. Doc. 3 at 3. Plaintiffs allege Defendants committed a variety of crimes in service of that enterprise. Doc. 3 at 3, 17. Nation allegedly committed his RICO acts during his preparation for and oral argument in front of the

---

[1] As of the filing of this Recommendation, no other Defendants have been served with process.

state court of appeals. Doc. 3 at 17, 20. Specifically, Plaintiffs allege Nation committed obstruction of justice, perjury, and conspiracy by lying to the court during oral argument, not designating proper documents for the court's record, and colluding with the opposing party. *See* Doc. 3 at 11-12, 17, 20. Nation responds that Plaintiffs have failed to plausibly allege the essential elements of a RICO claim. Doc. 8 at 7. Nation argues, *inter alia*, that the alleged acts were not crimes, but actions taken during the course of litigation, which do not amount to predicate actions supporting a RICO claim. Doc. 8 at 8. Further, Nation argues Plaintiffs did not properly allege a RICO conspiracy because they did show an agreement between Nation and another party to commit a criminal act. Doc. 8 at 10-11.

A RICO claim has three elements: "1) a person engages in, 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted). A pattern of racketeering activity consists of two or more predicate criminal acts, federal or state, "that are 1) related and 2) amount to or pose a threat of continued criminal activity." *Id.* A RICO conspiracy claim requires one additional element — there must be an agreement between the conspirators to specifically commit the alleged predicate acts. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 526 (5th Cir. 2016).

Civil RICO liability does not exist unless the pleadings allege actual criminal activity. *Id.* Actions that violate lawyers' rules of professional conduct but are not crimes themselves cannot be the requisite predicate acts to establish a RICO pattern. *St. Germain*, 556 F.3d at 263. Construing counsel's litigation acts, even bad-faith acts or acts that violate professional rules, as federal crimes for RICO purposes "would undermine the policies of access and finality that

3

animate our legal system." *Snow*, 833 F.3d at 525 (citation omitted).  Simply put, poor lawyering does not expose counsel to civil RICO liability.  *See id.*

Moreover, Plaintiffs' complaint does not plausibly allege the necessary elements of a RICO claim on many fronts, including that it is absent of any factual allegations demonstrating a pattern of racketeering behavior.  Plaintiffs allege in conclusory fashion that Nation committed various criminal acts—such as perjury, obstruction of justice, and conspiracy—but the mere invocation of such crimes is insufficient to state a claim.  Plaintiffs must plead plausible facts that show Nation committed such predicate offenses, and they have wholly failed to do so.  Even construing Plaintiffs' *pro se* pleadings liberally, the specific acts they attribute to Nation are merely those of legal counsel related to and done during the course of litigation.  Thus, they cannot support a RICO claim.  *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987) (*pro se* complaints must be held to a less rigorous standard than pleadings prepared by lawyers).  *See Snow*, 833 F.3d at 525 (non-criminal acts taken by counsel during a lawsuit can never be the proper predicate for RICO).

**A. IIED Claim:**

Plaintiffs also claim Nation, through the same ostensibly illegal acts alleged in their RICO claim, intentionally inflicted emotional distress on them.  Doc. 3 at 15.  Nation argues the claim should be dismissed because Plaintiffs have not plausibly alleged facts to establish the essential elements of this tort.  Doc. 8 at 15.

To plausibly allege IIED under Texas law, a plaintiff must establish that (1) a person acted intentionally or recklessly, (2) the person's conduct was extreme or outrageous, (3) the conduct caused the plaintiff's emotional distress, and (4) the distress was severe.  *Guthrie v. Tifco Ind.*, 941 F.2d 374, 379 (5th Cir. 1991).  The bar for extreme or outrageous conduct is high.

4

Tortious or otherwise wrongful conduct does not, by itself, satisfy this element. *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001). To be sufficient, the alleged conduct must be so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in civilized society. *Id*. Plaintiffs' allegations do not come close to meeting this high bar.

As with their RICO claim, Plaintiffs allegations against Nation solely relate to his conduct as counsel in the state lawsuit. *See, e.g.*, Doc, 3 at 11-12, 14, 17, 20-21. The complaint is devoid of plausible facts establishing that Nation's conduct was sufficiently outrageous or extreme. No matter how dissatisfied Plaintiffs are with Nation's performance as their counsel in the state action, their mere allegations that Nation committed acts that caused Plaintiffs distress are insufficient to state a legally cognizable claim of IIED. Thus, Plaintiffs' claim for IIED against Nation should be dismissed.

## C. Leave to Amend

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.*

For the reasons outlined here, Plaintiffs' claims are fatally infirm. In sum, Plaintiffs' dissatisfaction with Nation's legal actions taken in the course of the previous state litigation can never support an IIED or RICO claim. Further, Plaintiffs' have not even suggested any other factually plausible bases to support such claims in either their complaint or response to the motion to dismiss. Under these circumstances, the Court can only conclude that Plaintiffs' have

5

pled their best case against Nation and that granting leave to amend would be futile and cause needless delay.

## IV.  CONCLUSION

Defendant John Nation's *Motion to Dismiss for Failure to State a Claim*, Doc. 8, should be **GRANTED**.  Plaintiffs' claims against Nation should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on March 1, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF
RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

6