IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GWENDOLYN D. GABRIEL, ET AL., | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | CASE NO. 3:20-CV-60-K-BK |
| | § | |
| TONYA PARKER, ET AL., | § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. The Court now considers *Defendant the Honorable Judge Tonya Parker's Motion to Dismiss*. Doc. 31. As detailed here, the motion should be **GRANTED** and all of Plaintiffs' claims against Judge Parker should be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Plaintiffs filed this *pro se* action against various individuals involved in a state lawsuit that resulted in a substantial financial loss for Plaintiffs (the "State Suit").[1] Defendants include Merry Outlaw (opposing party), multiple counsel on both sides, and the presiding judge, Judge Tonya Parker ("Judge Parker"). Doc. 17 at 1. Plaintiffs claim Judge Parker violated 18 U.S.C. § 1962(a)-(d) ("RICO") during the State Suit by "furthering the intent of a bribe," obstructing justice, and "corruptly influencing" Plaintiffs' attorney. Doc. 17 at 3.

---

[1] Of Plaintiffs in the instant suit, only two were named-plaintiffs in the State Suit—Regina Brown and Gwendolyn Gabriel. Doc. 17-1 at 1.

In response to Plaintiffs' *Amended Complaint*, Doc. 17, Judge Parker filed the instant motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rule of Civil Procedure based on judicial immunity, Eleventh Amendment immunity, and the *Rooker-Feldman* doctrine, Doc. 31.

## II. APPLICABLE LAW

A Rule 12(b)(1) motion asserts that a court should dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). The Court considers a motion to dismiss based on immunity under Rule 12(b)(6), however, rather than Rule 12(b)(1) because "arguments for immunity are attacks on the existence of a federal cause of action." *Morrison v. Walker*, 704 Fed. App'x 369, 372 n.5 (5th Cir. 2017) (citing *see Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988) ("when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.")).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

### III. ANALYSIS

Judge Parker moves to dismiss Plaintiffs' amended complaint arguing, *inter alia*, that Plaintiffs are challenging actions she took in her capacity as a judicial officer; thus, judicial immunity bars such claims. Doc. 32 at 4-6. Plaintiffs respond, in relevant part, that Judge Parker's actions were illegal "acts to obstruct justice." Doc. 33 at 3. Specifically, Plaintiffs assert Judge Parker committed fraudulent extrajudicial acts during the state suit, including (1) blocking the testimony of the plaintiffs' witness; (2) dismissing that witness without explanation; and (3) corruptly influencing the plaintiffs' attorney to withdraw their objections to the jury charge. Doc. 33 at 2. Upon review, the finds Judge Parker's argument is well-founded and entirely disposes of Plaintiffs' claims against her. As such, the Court need not reach her Eleventh Amendment and *Rooker-Feldman* arguments.

**A. Judicial Immunity**

Judges enjoy absolute immunity for actions taken in the performance of their judicial duties, *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982), and are immune from suit for damages resulting from any judicial act, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not defeat judicial immunity. *Id.* at 11. A plaintiff can only overcome the bar of judicial immunity in two limited circumstances. *Id.* at 11-12. The first is when the judicial action was "taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted).

The second exception to the judicial immunity bar is when the complained-of action is not "judicial" in nature. *Id.* at 11. In making this determination, the Court analyzes four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in [her] official capacity. These factors are broadly construed in favor of immunity.

3

*Davis v. Tarrant Cnty.*, 565 F.3d 214, 222-23 (5th Cir. 2009) (citations omitted). All four factors need not be met for judicial immunity to apply. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citation omitted).

      Here, all of Plaintiffs' allegations against Judge Parker are premised on her actions as presiding judge in the State Suit. *See, e.g.*, Doc. 17 at 3 (blocking of a witness's testimony at trial and dismissing that witness); Doc. 17 at 8, 14 (conducting *in camera* conversations with counsel). Further, Plaintiffs admit in their response to the instant motion that blocking the witness's testimony and dismissing him were *judicial actions protected by judicial immunity*, despite Plaintiffs' belief that they were done with the intent to carry out the alleged bribe. Doc. 33 at 3-4. In fact, all of Judge Parker's contested actions—deciding who may properly testify, presiding over the same parties' subsequent litigation, and speaking with counsel *in camera*—are normal judicial functions. *See Carter v. Carter*, No. 3:13-CV-2939-D, 2014 WL 803638, at *2 (N.D. Tex. Feb. 20, 2014) (Stickney, J.) (finding that issuing orders, communicating with counsel, and holding hearings are all normal judicial functions). Even if deemed true, Plaintiffs' scurrilous allegations that Judge Parker performed judicial acts pursuant to a bribe or conspiracy fail—as do their baseless allegations that Judge Parker discriminated against Plaintiff Gwendolyn Gabriel because of her sexual orientation and disabilities—because the judge's motivation is of no moment. *See Ballard*, 413 F.3d at 515 ("[I]t is the Judge's actions alone, not intent, that [the Court] must consider" in applying judicial immunity.); *see also* Doc. 33 at 6. Finally, Judge Parker's judicial acts as presiding judge over the State Suit were not taken in the complete absence of all jurisdiction. *See Aubrey v. D Mag. Partners, L.P.*, No. 3:19-CV-0056-B, 2019 WL 2549458, at *3 (concluding Texas state court judges have "original jurisdiction over all civil matters when the amount in controversy is over $500") (citing TEX. CONST. art. V, § 8; TEX.

GOV'T CODE § 24.007)).  Accordingly, Plaintiffs' claims against Judge Parker should be **DISMISSED** based on judicial immunity.

## B. Leave to Amend

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint prior to dismissal.  However, leave to amend is not required when plaintiffs have "already pleaded [their] 'best case.'"  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quotation omitted). Plaintiffs have previously amended their complaint, and , as discussed herein, Plaintiffs' claims against Judge Parker are fatally infirm.  Thus, granting them leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, *Defendant the Honorable Judge Tonya Parker's Motion to Dismiss*, Doc. 31, should be **GRANTED**.  Plaintiffs' case against Judge Parker should be **DISMISSED WITH PREJUDICE**, and she should be terminated as a Defendant in this case.

**SO RECOMMENDED** on November 5, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).